UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ELWOOD GODFREY,

           Plaintiff,

-vs-                                        Case No. 5:10-cv-59-Oc-10GRJ

J.F. PORTER, INC. d/b/a PORTER'S
HOME AND GARDEN,

           Defendant.
_____/

## O R D E R

On February 17, 2010, the Plaintiff filed a Verified Complaint against his former employer, alleging that his former employer terminated and/or refused to rehire him based on his age, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA"), and the Florida Civil Rights Act of 1992, § 760.10 *et seq.* ("FCRA") (Doc. 1).

The case is now before the court on the Plaintiff's Partial Motion for Summary Judgment (Doc. 7). The Plaintiff contends that there are no genuine issues of material fact, and that he has established as a matter of law that his former employer terminated him based solely on his age, and instead hired a much younger employee to replace him. See Gross v. FBL Financial Services, Inc., ___ U.S. ___, 129 S.Ct. 2343 (2009); Mora v. Jackson Memorial Foundation, Inc., 597 F.3d 1201 (11th Cir. 2010). To supprt his motion, the Plaintiff has submitted his own affidavit, in which he avers that he was

told that his employment ended because he was "too old," and the Defendant's discovery responses, which establish that the Defendant was a good worker.

In response (Doc. 9), the Defendant contends that the Plaintiff's age was not the reason for his termination.  Rather, the Defendant did not rehire the Plaintiff because he was only available for part-time work, and the Defendant no longer had a need for part-time employees, largely due to the nationwide economic downturn.  The Defendant claims that at the time it terminated the Plaintiff's employment, the Defendant was only hiring a few full-time employees, and the Plaintiff's unavailability for full-time employment made him ineligible for further employment.

It is therefore clear that genuine issues of material fact exist as to the reason(s) the Plaintiff's employment was terminated.  As a result, and pursuant to Fed. R. Civ. P. 56(a), the Plaintiff's Partial Motion for Summary Judgment (Doc. 7) is DENIED.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 20th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy